IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.: 3:96cr14/LC
3:16cv287/LC/CJK

LARRY MICHAEL RICHBOURG

## ORDER

Defendant Larry Michael Richbourg has filed a Motion to Correct Sentence Under 28 U.S.C. § 2255 and a Time Sensitive Memorandum in Support thereof contending that he is entitled to sentencing relief based on <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015). (ECF Nos. 86, 88). The Government has now responded indicating that it concedes that Mr. Richbourg is entitled to relief. (ECF No. 91).

A jury convicted Mr. Richbourg of the offense of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (ECF Nos. 8, 24). The Court found Mr. Richbourg to be an armed career criminal after adopting the findings of the Presentence Investigation Report that he had five prior Florida convictions and one conviction for aggravated assault with a deadly weapon.

Case Nos.: 3:96cr14/LC; 3:16cv287/LC/CJK

Pursuant to the Armed Career Criminal Act, ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4. Mr. Richbourg was sentenced to a term of 300 months imprisonment. Absent the application of the ACCA enhancement, Mr. Mitchell would have faced a maximum sentence of ten years imprisonment, which he has already served. *See* 18 U.S.C. § 924(a)(2).

In Johnson v. United States, 135 S.Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. Johnson, 135 S.Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" if it

Case Nos.: 3:96cr14/LC; 3:16cv287/LC/CJK

falls within the elements clause or is one of the enumerated offenses. The Government concedes that in light of <u>Mathis v. United States</u>, ___ S.Ct. ___, Case No. 15-6092, 2016 WL 3434400 (2016), convictions under the non-divisible Florida burglary statute are no longer proper ACCA predicates. (ECF No. 91 at 1). Therefore, Mr. Richbourg no longer has the three requisite predicate convictions to support the application of the ACCA enhancement, and he is entitled to be resentenced.

Accordingly it is **ORDERED**:

1. Defendant Richbourg's Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 86) is **GRANTED.**

2. Effective 15 July 2016, Defendant Richbourg's term of incarceration is reduced from 300 months to time served, and his sentence of supervised release is reduced from 5 years to 3 years. The clerk is directed to enter an amended judgment reflecting this change, with all other provisions of

Case Nos.: 3:96cr14/LC; 3:16cv287/LC/CJK

3. the Court's Judgment and Sentence imposed on August 19, 1996 (ECF No. 31) to remain in full force and effect.

**DONE AND ORDERED** this 5th day of July 2016.

/s/ Lacey A. Collier
LACEY A. COLLIER
SENIOR UNITED STATES DISTRICT JUDGE

Case Nos.: 3:96cr14/LC; 3:16cv287/LC/CJK